RECEIVED

MAY 0 8 2026

U S DISTRICT COURT
MIDDLE DISTRICT OF TN

**SAM BOWLING,**
**Plaintiff,**

v.

**METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY;
DARON HALL, in his official capacity as Sheriff;
TYLER TECHNOLOGIES, INC.;
UNKNOWN DCSO OFFICIALS;
UNKNOWN RECORDS PERSONNEL,**

**Defendants.**

**Case No. _____**

**COMPLAINT**

## I. NATURE OF THE ACTION

This is a civil rights action under 42 U.S C § 1983 arising from Plaintiff's continued detention beyond the expiration of his lawful sentence.

This action also arises from Plaintiff's ongoing inability to comply with post-release residential restrictions due to conflicting and undefined measurement standards

Plaintiff seeks damages for past constitutional violations and limited injunctive relief to address current compliance conditions

## I.A. CURRENT CONDITIONS AND IMMEDIATE HARM

1 Following Plaintiff's release from custody, Plaintiff became subject to residential restrictions prohibiting residence within 1,000 feet of certain locations

2 Plaintiff has made good-faith efforts to secure a compliant residence

3 Plaintiff obtained a measurement indicating that the distance between a proposed residence and the nearest restricted location is approximately 1,030 feet

4 Defendants rely on a separate system reflecting a materially different measurement of approximately 774 feet.

5 Plaintiff has not been provided with the measurement methodology, endpoints, or governing standard used to determine this result

6 As a result, Plaintiff cannot reasonably determine which measurement controls or how to identify a compliant residence

7 Plaintiff has been left without an approved residence and faces immediate housing instability and risk of enforcement

8. This lack of a defined and consistent standard renders the restriction, as applied, unclear and not reasonably knowable.

## II. CORE FACTUAL BASIS

1. Plaintiff's sentence, properly calculated, expired no later than early September 2025.

2 Despite this, Plaintiff remained in custody for an extended period without a verified lawful basis

3 Plaintiff's custody record reflects multiple unexplained changes across key dates, including June 3, September 1, October 14, and November 30, 2025

The custody-related entries corresponding to these dates materially altered Plaintiff's custody status and duration of detention

The identity of the individuals who created or modified these entries, the authority under which they were made, the systems used to generate them, and whether they were verified against controlling judicial orders are matters within Defendants' exclusive knowledge and control.

These entries, and Defendants' reliance upon them without verification, form the basis of Plaintiff's claim that he was detained beyond the lawful expiration of his sentence.

4  These entries altered Plaintiff's custody status in a manner inconsistent with the underlying sentencing structure.

5  Plaintiff was returned to custody in or around October 2025 without clearly identified judicial authorization

6  Additional custody-related entries were recorded after Plaintiff was no longer in Defendants' physical custody

7  Plaintiff and others acting on his behalf repeatedly sought clarification of these discrepancies

8. Defendants failed to provide a consistent or verifiable explanation reconciling Plaintiff's custody status with governing court orders

9. Defendants nevertheless continued to rely on these records to justify continued detention

10  The records necessary to explain these discrepancies remain within Defendants' exclusive possession and control

## II.A. NOTICE TO DEFENDANTS AND FAILURE TO ACT

1 Prior to and during Plaintiff's continued detention, multiple communications were directed to Defendants and related officials raising concerns regarding discrepancies in Plaintiff's custody status.

2 These communications included emails, written correspondence, and formal inquiries sent to officials within the Sheriff's Office and other relevant governmental entities.

3. These communications identified concerns regarding the accuracy of custody records, the calculation of Plaintiff's sentence, and the basis for continued detention

4. Despite receiving these communications, Defendants failed to conduct a meaningful investigation or reconcile Plaintiff's custody status with controlling judicial orders

5. Defendants did not provide a consistent or verifiable explanation addressing the discrepancies raised.

6. Defendants nevertheless continued to rely on the same custody records to maintain Plaintiff's detention

7. The repeated notice provided to Defendants placed them on actual or constructive awareness of a substantial risk that Plaintiff was being detained beyond the lawful expiration of his sentence

8 Defendants' failure to act in the face of this notice contributed to the continuation of Plaintiff's unlawful detention

## III. CUSTODY FAILURE AND CAUSATION

1 Defendants failed to ensure that Plaintiff's custody conformed to the sentence imposed by the Court

2 Following the expiration of Plaintiff's state sentence, Defendants failed to properly terminate custody or ensure accurate transmission of custody information to federal authorities.

3 As a result, downstream authorities relied on incomplete or inconsistent information in computing Plaintiff's sentence

4. Defendants had the ability and obligation to verify custody status against controlling judicial orders.

5. Defendants failed to perform that verification

6 The foreseeable result of these failures was Plaintiff's continued detention beyond the lawful duration of his sentence

7. Plaintiff's detention was therefore inconsistent with and contrary to the judicial determination of his sentence.

## IV. RECORDS SYSTEM

1 Upon information and belief, Defendants utilized a records system to create, maintain, and modify custody-related entries affecting Plaintiff's detention

2. The entries governing Plaintiff's custody were created, modified, and relied upon within that system

3. Defendants relied on those entries without verifying their consistency with controlling judicial orders.

4 The absence of verification safeguards contributed to the continued use of inaccurate or unverified custody information

5 The records, audit trails, and entries explaining these changes are within Defendants' control and subject to discovery.

## V. CLAIM SURVIVES DISMISSAL

1 Plaintiff alleges a straightforward constitutional violation· detention beyond the expiration of a lawful sentence

2 Plaintiff is not required at this stage to identify the precise internal mechanism responsible for the discrepancy.

3 Plaintiff has plausibly alleged that Defendants created, maintained, and relied upon records that resulted in unlawful detention.

4 The detailed records necessary to fully explain these discrepancies are within Defendants' possession

## VI. MUNICIPAL LIABILITY

1. Defendant Metropolitan Government is responsible for policies governing custody records and detention practices

2. Plaintiff's continued detention resulted from reliance on records that were not verified against controlling judicial orders.

3 Defendants failed to implement safeguards ensuring accuracy and reconciliation of custody records

4 This failure created an obvious risk of unlawful over-detention.

5. These deficiencies were a moving force behind Plaintiff's continued detention

# VII. CAUSES OF ACTION

## COUNT I — FOURTEENTH AMENDMENT (UNLAWFUL DETENTION)

1 Plaintiff was detained beyond the expiration of his lawful sentence without a verified legal basis.

2. Defendants, acting under color of state law, maintained custody despite discrepancies in the governing records

3. This constitutes a deprivation of liberty without due process of law

## COUNT II — MUNICIPAL LIABILITY

1. Defendants maintained policies or practices that allowed reliance on unverified custody records

2. These practices resulted in Plaintiff's continued detention beyond the lawful duration of his sentence.

## COUNT III — DELIBERATE INDIFFERENCE

1 Defendants knew or should have known of discrepancies in Plaintiff's custody status.

2. Defendants failed to investigate or correct those discrepancies

3 This failure constituted deliberate indifference to Plaintiff's constitutional rights

Defendants received repeated notice of discrepancies in Plaintiff's custody status through communications directed to them and their offices. Despite this notice, Defendants failed to investigate, verify, or correct Plaintiff's custody status. This failure to act in the face of known or obvious risk constitutes deliberate indifference to Plaintiff's constitutional rights

## COUNT IV — LIABILITY AGAINST TYLER TECHNOLOGIES, INC.

1. Tyler Technologies provided the system used to create and maintain custody records.

2. That system permitted reliance on entries without verification against judicial orders.

3. It was foreseeable that such reliance could result in unlawful detention.

## COUNT V — FOURTH AMENDMENT (UNLAWFUL SEIZURE)

1. Defendants reasserted custody over Plaintiff after lawful authority had ended.

2. This occurred without a verified legal process.

3. This constituted an unreasonable seizure.

## VIII. RELIEF REQUESTED

Plaintiff seeks:

- Compensatory damages;
- Punitive damages;
- Costs and fees;
- Injunctive relief as appropriate;
- Any further relief the Court deems just and proper.

Respectfully submitted,

**Sam Bowling**
**Plaintiff, Pro Se**

RECEIVED

MAY 0 8 2026

U S DISTRICT COURT
MIDDLE DISTRICT OF TN

